PETITION FOR WRIT OF MANDAMUS
Relator avers that he is the defendant in State v. Aziz,
Cuyahoga County Court of Common Pleas Case No. CR-283780, which has been assigned to respondent. Relator complains that he did not timely receive copies of orders denying his motion to vacate void sentence, void judgment and schedule sentencing hearing ("motion to vacate void sentence, etc.") as well as his motion for relief from judgment. Relator requests that this court compel respondent to vacate and re-enter judgment.
Respondent has filed a motion to dismiss attached to which are copies of the docket and various filings in Case No. CR-283780.Sua sponte, we convert the motion to dismiss to a motion for summary judgment because the motion presents matters outside the pleading. See Civ. R. 12(B), 56; State ex rel. Jackson v. Fuerst
(Feb. 25, 1999), Cuyahoga App. No. 75646, unreported. Attached to respondent's motion are copies of entries disposing of both relator's motion to vacate void sentence, etc. and his motion for relief from judgment. Relator has not responded to respondent's motion.
Respondent argues that relator has not satisfied the criteria for relief in mandamus. We agree.
Relator has not set established that respondent has a duty to perform the act requested by relator. Relator has not provided this court with any authority indicating that the purported failure of service of the orders in Case No. CR-283780 is a breach of a duty by respondent.
We also note that relator has commenced an appeal from the denial of his motion to vacate void sentence, etc. State v. Aziz,
Case No. 76681. This court, in the exercise of its appellate jurisdiction, will be able to determine whether relator is able to prosecute his appeal from the denial of his motion to vacate void sentence, etc. Relief in mandamus would, therefore, be inappropriate.
We also note that relator has failed to comply with this court's order dated June 30, 1999 denying indigency status and compelling him to deposit security for costs. As indicated in that entry, his failure to comply is a sufficient basis for dismissal of this action.
Accordingly, respondent's motion to dismiss — which has been converted to a motion for summary judgment — is granted. Relator to pay costs.
Writ denied.
 ANN DYKE. J., CONCURS.
 _________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE